EVARISTO CASELLAS RAMOS, demandante y apelado, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO, demandada y apelante.

No. 5160.—*Sometido:* Junio 6, 1930. *Resuelto:* Febrero 26, 1932.

*M. Acosta Velarde,* abogado de la apelante; *Dubón & Ochoteco,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La corporación American Railroad Co. of Porto Rico apela de una sentencia que la condena a pagar al apelado, sin costas, la cantidad de $500 como indemnización por los daños y perjuicios sufridos por el apelado en un choque de trenes de la apelante, ocurrido el 16 de diciembre de 1928 mientras el apelado viajaba como pasajero en uno de ellos.

La apelante dice en su alegato escrito para esta apelación que la sola y exclusiva cuestión puesta en controversia por su contestación a la demanda fué que el demandante hubiera sufrido daños y perjuicios en la suma de $5,000 que es la cantidad que reclamaba en la demanda.

El 19 de diciembre de 1928 fué radicada la demanda.   Se-

gún un pliego de especificaciones de ella el demandante sufrió varias contusiones en la región facial y maxilar, ligeras erosiones en el brazo y antebrazo izquierdos y una herida contusa de tres centímetros en la región superciliar izquierda e inflamación del ojo izquierdo durante un mes. Cinco meses después de presentada la demanda y estando señalado día para el juicio, la demandada solicitó del tribunal inferior que de acuerdo con el artículo 7 del Código de Enjuiciamiento Civil ordenase al demandante que se sometiese a un examen de los peritos médicos propuestos por ella con respecto a las contusiones y demás golpes que recibió, pero la corte negó esa petición. La reprodujo la demandada en el acto del juicio y también le fué negada. Esas dos negativas son los dos primeros motivos de error alegados para la apelación, siendo el tercero que la corte sentenciadora cometió manifiesto error al conceder al demandante en concepto de indemnización la suma de $500 y al dictar sentencia condenando al pago de esa cantidad.

En el caso de *Aponte* v. *Corte de Distrito de Mayagüez,* 38 D.P.R. 676, citado en el de *Vidal* v. *De León,* 39 D.P.R. 776, este tribunal resolvió que una corte no puede ordenar a un demandante en una acción por daños y perjuicios a su persona que sea sometido a un examen físico facultativo, citándose en apoyo de la decisión entre otros casos el de *Union Pacific Railway Co.* v. *Botsford,* 141 U. S. 250. El alegato de la apelante sobre esa cuestión trata de demostrarnos que el caso de Aponte, *supra,* está equivocado.

Aunque tuviéramos alguna duda en favor de la cuestión propuesta, resultaría académico e ilusorio para la apelante que la resolviéramos ahora y que por ese motivo revocáramos la sentencia y ordenásemos un nuevo juicio, pues dado el tiempo transcurrido hasta hoy desde que el apelado recibió las contusiones leves alegadas seguramente habrá desaparecido toda huella de ellas y no produciría resultado práctico una revocación; y porque en cuanto a la herida en la región superciliar sobre el ojo izquierdo, ésa fué vista pocos

momentos después del accidente por el médico de la demandada y por su practicante.

En cuanto al tercer motivo de error diremos que de la prueba del apelado resulta que el médico que se encargó de su asistencia tuvo que cogerle dos puntos en la región superciliar izquierda donde tenía una herida contusa que llegaba hasta el hueso y que la cara fué la que más sufrió por haber recibido todos los impulsos de los golpes sobre ese sitio, presentando una contusión en la mejilla y en la mandíbula izquierda, en la región precordial tenía una equimosis bastante extensa y en los brazos erosiones y golpes sin importancia, y que necesitó su asistencia por un mes, valiendo sus servicios $200.

*En vista de lo expuesto no creemos que la corte inferior cometiera un manifiesto error al condenar al pago de la cantidad que fija su sentencia, la que debe ser confirmada.*